```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -x

JOHN WILEY & SONS, INC.,         :

                Plaintiff,       :

        -against-                :        12 Civ. 1027 (PGG)

JOHN DOE NOS. 1-37,              :

                Defendants.      :

- - - - - - - - - - - - - - -x
```

   DECLARATION OF WILLIAM DUNNEGAN IN SUPPORT
   OF PLAINTIFF'S <u>EX</u> <u>PARTE</u> APPLICATION FOR AN
   ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS
   ON CERTAIN INTERNET SERVICE PROVIDERS TO
   DETERMINE THE IDENTITY OF DEFENDANTS

  WILLIAM DUNNEGAN hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct.

  1. I am a member of the bar of this Court and the law firm Dunnegan & Scileppi LLC, attorneys for plaintiff in this action.

  2. I am making this declaration in support of plaintiff's application for an order, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, authorizing plaintiff to serve subpoenas on the following Internet Service Providers: Frontier Communications of America, Inc.; CSC Holdings, LLC (Optimum Online®, Bresnan Communications, and Cablevision Infrastructure); Time Warner Cable, Inc. (Roadrunner Holdco LLC); Verizon Online

LLC; Veracity Networks (Broadweave Networks); and Solaris, Inc. (collectively, "the ISPs") to obtain documents sufficient to identify defendants John Doe Nos. 1-37. As explained below, plaintiff will not be able to identify the defendants, and will be without a remedy for defendants' infringement, absent the issuance of this subpoena.

3.  The complaint alleges that, without permission, the defendants reproduced and distributed copies of at least one of plaintiff's copyrighted FOR DUMMIES® books through the peer-to-peer file sharing software known as BitTorrent.

4.  BitTorrent enables its users to exchange digital files, such as music, computer programs, or books, through the Internet. When using the BitTorrent software, users simultaneously receive and send portions of a particular file. By exchanging these pieces of data with numerous other users, or "peers," BitTorrent users receive and distribute copies of the entire work. After completing a download, a BitTorrent user continuously distributes copies of the file to other peers until he or she manually disconnects from the software.

5.  BitTorrent is largely anonymous. However, to facilitate the exchange of files between peers, the

BitTorrent software requires that users broadcast their Internet protocol addresses ("IP addresses").

6. Paralegals at my firm have downloaded the copyrighted works listed on Schedule A to the complaint from John Doe Nos. 1-37 using BitTorrent software. They then used a tool available on the Internet to look up the Internet service provider ("ISP") for each IP address. The IP address search revealed that the John Does Nos. 1-37 accessed the Internet though the ISPs identified on Schedule A to the complaint. We cannot determine the true identity and contact information for each of the defendants without obtaining information from the ISPs by subpoena.

7. Judge Pauley granted a similar application in the action entitled <u>John Wiley & Sons, Inc. v. John Doe Nos. 1-27</u>, 11 Civ. 7627 (WHP), on November 14, 2011. Judge Swain granted similar applications in the actions entitled <u>John Wiley & Sons, Inc. v. John Doe Nos. 1-46</u>, 11 Civ. 8547 (LTS), on December 7, 2011, and <u>John Wiley & Sons, Inc. v. John Doe Nos. 1-35</u>, 12 Civ. 0540 (LTS), on January 30, 2012. Judge Oetken granted a similar application in the action entitled <u>John Wiley & Sons, Inc. v. John Doe Nos. 1-36</u>, 11 Civ. 8943 (JPO), on December 23, 2011. Judge Castel granted a similar application in the action entitled <u>John</u>

Wiley & Sons, Inc. v. John Doe Nos. 1-31, 12 Civ. 0079 (PKC), on January 11, 2011.

8. Other judges of this Court have granted similar applications authorizing subpoenas on ISPs in cases involving the record industry. Judge Chin granted a similar application in the action entitled Sony Music Entertainment Inc. v. Does 1-40, 04 Civ. 473 (DC). In Arista Records, LLC v. Doe 3, 604 F.3d 110, 124 (2d Cir. 2010), the Second Circuit upheld a district court's grant of a similar application. Cases involving the adult entertainment industry have met with mixed results. Judge Griesa in Digiprotect USA Corp. v. Does 1-266, 10 Civ. 8759 (TPG), granted a similar subpoena on Internet service providers with respect to John Does located in New York State. Similarly, Judge Crotty in DigiProtect USA Corp. v. Does, 10 Civ. 8760 (PAC), vacated a subpoena for lack of a prima facie showing of personal jurisdiction over the defendants in question, but with leave for the plaintiff to replead with only New York John Does named in the complaint.

9. In a similar action entitled John Wiley & Sons, Inc. v. John Doe Nos. 1-27, 11 Civ. 7627 (WHP), a named ISP refused to comply with a subpoena authorized by Judge Pauley unless it was directed to do so pursuant to 47 U.S.C. § 551(c)(2)(B). The proposed order, annexed as Exhibit A to the motion for subpoena, reflects this statute.

4

10. Under Rule 26(d) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." However, without the identity of the John Does, this conference is not possible.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of February 2012 in New York, New York.

_____
William Dunnegan